**STATE OF LOUISIANA, Plaintiff,**

**Texaco, Inc., The Louisiana Land and Exploration Company, Intervening Plaintiffs,**

v.

**DEPARTMENT OF ENERGY and Charles W. Duncan, Jr., Secretary of Energy, Defendants.**

**Civ. A. No. 800812.**

United States District Court,
W. D. Louisiana,
Lafayette-Opelousas Division.

July 7, 1981.

---

Camp, Carmouche, Palmer, Barsh & Hunter, Harry E. Barsh and David R. Frohn, Lake Charles, La., for plaintiff.

Morris, Nichols, Arsht, & Tunnell, Andrew B. Kirkpatrick, Jr. and Lawrence A. Hamermesh, Wm. O. LaMotte, Wilmington, Del., for intervenor—Texaco.

Bracewell & Patterson, Roger L. Reynolds, and Darci L. Rock, Washington, D. C., Milling, Benson, Woodward, Hillyer, Pierson & Miller, J. Henry Phillips, III, New Orleans, La., for LA Land & Exploration Co.

Allan Abbott Tuttle, Patton, Boggs & Blow, Washington, D. C., for State of La.

Caffery, Oubre & Dugas, Patrick T. Caffery, New Iberia, La., for defendants.

J. Ransdell Keene, Frances O. Allen, Shreveport, La. and Dennis G. Linder, Branch Director, Michael T. Scott, Civil Division, Dept. of Justice, Washington, D. C., Nancy Crisman and Judith Mather, Regulatory Litigation Division, Washington, D. C., David R. Hughes, Dept. of Spec. Counsel, Washington, D. C., for Dept. of Energy.

Frederick W. Veters, New Orleans, La., Stephen H. Bard, Texaco, Inc., White Plains, N. Y., for Texaco.

## RULING ON MOTION

SHAW, District Judge.

This matter involves a Motion for Summary Judgment by plaintiffs, State of Louisiana ("Louisiana"), Texaco, Inc. ("Texaco"), and the Louisiana Land and Exploration Company ("LL&E"), in accordance with Rule 56(a) of the Federal Rules of Civil Procedure. The plaintiffs in this case respectfully ask this Court to declare:

1. That reservoir-wide LOC production units are "properties" within the meaning of the original property definition;

2. That the contrary position of the DOE is erroneous; and,

3. That, under all the circumstances, crude oil producers in Louisiana have been entitled to rely, since August, 1973, upon a reasonable interpretation of the "property" definition to treat separate reservoir-wide LOC units as properties under the MPPR. The plaintiffs further request this Court to enjoin the defendants from seeking to enforce a property definition which conflicts with the above declarations of law.

In addition to the Finding of Fact and Conclusions of Law set forth in *State of Louisiana v. Department of Energy*, 507 F.Supp. 1365 (1981), this Court makes the following additional findings and conclusions:

The defendants, Department of Energy ("DOE"), claim that the Court has invented an issue which is not actually before it, as the plaintiffs never adopted and applied the interpretation of "property" suggested by the Court. As to the first point, the Court cannot accept the honor, for one cannot

claim as his invention that which is obvious. Plaintiffs could have applied the interpretation suggested by the Court as it would have afforded the lesser relief which was included in the greater relief sought.

■ DOE contends that there is nothing contained in any statewide orders or the appropriate statutes which indicates that LOC engages in a determination of reservoir dimensions prior to the issuance of a drilling permit. It is undisputed that Louisiana recognizes production units based on the geological limits of a producing reservoir which lies entirely within the surface boundaries of a single lease. *State of Louisiana v. Department of Energy*, supra, at 1368. The right to produce may arise from more than one basis or designation. If producers elect one method they should not be required to abandon another. For instance, Texaco selected a bookkeeping method that it already had in place and correlated with an interpretation of "property" which included reservoir-wide LOC units as "properties".

The LOC is the agency primarily responsible for the regulation of the production of oil and gas within the State of Louisiana. The Commissioner has jurisdiction and authority over all persons and property necessary to enforce the laws of Louisiana relating to the conservation of oil and gas. LSA–R.S. § 30:4(A). The Commissioner is also specifically authorized by statute to make reasonable rules, regulations and orders to limit and prorate the production of oil and gas from any pool or field for the prevention of waste. LSA–R.S. § 30:4(C).

The fulfillment of this objective requires that the integrity of the oil and gas reservoir, or pool, be maintained. Therefore, the exhibits and affidavit filed in support of the Motion for Summary Judgment clearly show that each separate and distinct producing reservoir is recognized and can be determined by LOC as a producing formation that is separate and distinct from, and not in communication with, any other producing formation. The comprehensive system established by LOC was in operation, prior to the establishment of the two-tier

system for regulating crude oil prices by CLC.

■ In *Grigsby v. Department of Energy*, 585 F.2d 1069 (Em.App.1978), TECA held that the drilling unit and not the lease, controlled and defined the "property" designation. A large percentage of crude oil production in Louisiana, is derived from premises owned by the state and leased to producers. Such leases extend to cover many square miles and encompass many reservoirs. If the property was the lease, even the most successful efforts at new or increased production for some reservoirs might be offset by the general decline in production from existing producing reservoirs resulting in less incentive to discover and develop new reservoirs contrary to the goal to stimulate increased production. *Because reservoir-wide production units reflect geological facts, they are not subject to gerrymandering.* Thus, the designation of such units as properties is consistent with the objectives of the two-tier pricing system established in 1973.

As this Court stated in its original opinion, deference to an agency interpretation is not warranted when an agency attempts retroactively to impose an interpretation of an ambiguous regulation, when that interpretation, even if reasonable, is not compelled, and when the regulated parties have adopted equally reasonable, if not more reasonable, interpretations of the regulation. *Standard Oil Co. v. Department of Energy*, 596 F.2d 1029, 1056 (Em.App.1978) Extraordinary circumstances exist herein and Standard Oil III teaches that this Court should not apply the rule of deference in this case.

The DOE, itself, admitted in its hearings before a Congressional subcommittee that the property definition was ambiguous and unclear, and that the meaning had not been clear to the agency. 41 Fed.Reg. 36172, 36175, August 20, 1976. Further, the DOE did not decide upon or publicly announce its interpretation of the property definition until the end of the relevant period; i. e., until August, 1976. Yet, only a few months earlier, in April, 1976, DOE announced that it

had concluded, albeit tentatively, that reservoir-wide LOC production units could be properly designated as properties.

The defendants' latest memorandum and supporting documents fail to convince the Court that there is a genuine issue as to any material fact or that there is any need for discovery. The Court finds that the plaintiffs' interpretation was reasonable. Separate and distinct producing reservoirs that qualify as separate properties under the amended 1976 definition is a valid, reasonable and enforceable interpretation of the regulatory definition of "properties" from August 19, 1973, to August 20, 1976. The Motion for Summary Judgment filed on behalf of the plaintiffs to that extent, is GRANTED.

The defendants, Department of Energy and James B. Edwards, Secretary of Energy, are hereby enjoined and prohibited from proceeding administratively against plaintiffs producing oil in Louisiana, for the period in question on the basis of a property definition which conflicts with the above declarations of law.

Further, it is not necessary that the Court decide whether the Federal Energy Administration's August 20, 1976 rulemaking and Rulings 1977-1 and 1977-2 are invalid to any extent, as the Court finds they cannot be enforced against plaintiffs for the period August 19, 1973, through August 20, 1976.

Further, the Court need not determine whether the judicial review provisions of the Economic Stabilization Act limits the injunctive power of district courts to parties before it because this Court has no intention of enjoining enforcement action against all persons producing crude oil in Louisiana. Any units that are not recognized by state authority are not at issue in this case. The only reservoir-wide LOC units that are the subject of this action require LOC approval prior to their establishment.

The Court also feels that the initial promulgation of the property definition is not invalid but that fact does not remove this case from the principle enunciated in *Standard Oil*, as it offered no clue whatsoever to producers that separate and distinct producing reservoirs, as treated herein, would not qualify as separate properties. The DOE formulated or made its position clear only after the relevant period in question herein.

The Court will GRANT the plaintiff's Motion for Summary Judgment, pursuant to the reasons stated above.